UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:01-CR-147 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ARTIE MAYNARD, | ) | |
| Defendant. | ) | |

**MEMORANDUM**

The Government on October 4, 2002 filed a motion for a downward departure for Defendant Artie Maynard ("Defendant") pursuant to Rule 35(b) (Court File No. 132). For the reasons stated below, the Court will **DENY** the Government's motion for a downward departure (Court File No. 132) and also will **DENY** Defendant's motion for a hearing on the Government's Rule 35(b) Motion (Court File No. 142).

**I.    Procedural History**

The Court held a hearing on this motion on November 8, 2002. During that hearing, the Court found the Government's motion as filed was insufficient to warrant a reduction in sentence for substantial assistance under Fed. R. Crim. P. 35(b) because it was based solely on pre-sentencing cooperation. The Court took the motion under advisement and ordered the Government to file an amended motion more fully setting out Defendant's post-sentencing assistance (*see* Court File No. 134, Minutes).

The Government filed its memorandum on February 14, 2003 (Ct. File No. 137). In that

memorandum, the Government stated Defendant cooperated solely before his sentencing and in fact provided no assistance after he pleaded guilty, and also was untruthful as the sentencing hearing approached. The Government further asserted it did not file a motion for a downward departure for Defendant's substantial assistance before sentencing under USSG § 5K1.1 because of his failure to be truthful at that time. Defendant's assistance prior to this change in cooperation included information concerning the conspiracy to which he plead guilty, which information resulted in the guilty pleas of other individuals, and controlled buys of methamphetamine for Bradley County Sheriff's Detectives Jimmy Smith and Brian Quinn. The Government argued the Court has authority to grant a Rule 35(b) motion based entirely on pre-sentencing cooperation, but noted it did not have jurisdiction to do so at that time because Defendant's case was pending appeal to the United States Court of Appeals for the Sixth Circuit.

Defendant's sentence was affirmed by the Sixth Circuit on May 5, 2004 (*see* Court File Nos. 138, 139).[1] Defendant has since then filed a motion for a hearing on the Government's Rule 35(b)

---

[1] After refusing to overturn Defendant's sentence because of the Government's failure to file a motion under USSG 5K1.1, the Sixth Circuit noted in dicta:

> Our conclusion in this case does not mean that the Government's refusal to file a §5K1.1 motion precludes the Government from later filing, or the district court from later granting, a Rule 35(b) motion--which expressly permits consideration of a defendant's presentence assistance. See Fed. R. Crim. P. 35(b)(3) ("In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance."). According to the advisory committee notes, the 1998 amendment to the Rule that added this language was designed to avoid the situation where the sum of a defendant's conduct constitutes "substantial assistance" but his pre- and post-sentencing conduct, when considered separately, does not. See id. at advisory committee's note (1998 Amendments) ("Thus, the amendment permits the court to consider, in determining the substantiality of post-sentencing assistance, the defendant's pre-sentencing assistance."). We leave it to the district court to determine in the first instance whether this is such a case.

Motion (Court File No. 142) and a Memorandum in Support of the Government's Rule 35 Motion (Court File No. 148). Defendant in his memorandum states, in addition to the cooperation the Government detailed in its memorandum, he also gave information to the Government regarding Robert Tribble, with whom he was incarcerated, which led to a subsequent indictment of Mr. Tribble. Defendant was willing to testify against Mr. Tribble and Defendant believes this is the reason Mr. Tribble to eventually plead guilty. This cooperation also occurred prior to his sentencing.

The Court, after receiving Defendant's motion for a hearing, set this matter for a hearing on two occasions (*see* Court File Nos. 143, 144), but the hearing did not take place on either occasion because the Government indicated it was reevaluating Defendant's post-sentencing cooperation and was not ready to proceed. The Government has, since those hearings were canceled, communicated to the Court it does not intend to file an amended motion enumerating Defendant's post-sentencing cooperation but will rely on its previous filing on this matter (Court File No. 137). The Court sees no reason to hold a hearing on this matter if the Government does not wish to present Defendant's post-sentencing cooperation to the Court, as the only issues remaining are purely legal, therefore the Court will **DENY** Defendant's motion for a hearing on the Government's Rule 35(b) Motion (Court File No. 142) .

## II. Analysis

The Government argues the Court has authority to grant a Rule 35(b) motion based entirely

---

*United States v. Maynard*, 94 Fed. Appx. 287, 291-92 (6th Cir. 2004). The Court, after considering this dicta, does not believe it precludes the conclusion the Court has reached in this opinion.

3

on Defendant's pre-sentencing cooperation. The Court cannot accept this argument, because under the plain language of the rule, the Court may only reduce a sentence for substantial assistance "if the defendant, **after sentencing**, provided substantial assistance in investigating or prosecuting another person . . ." Fed. R. Crim. P. 35(b)(1)(A) (emphasis added). While it is true, as pointed out by the Government, the rule allows the Court to consider pre-sentencing assistance in evaluating the Government's motion, Fed. R. Crim. P. 35(b)(3), the Court may only do so after the condition in subsection (b)(1)(A) is met, that is, the defendant provided substantial assistance **after sentencing**. Nowhere in the rule is a motion predicated purely on pre-sentencing cooperation contemplated.

The Court has in its own research discovered no United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") caselaw directly on point, however, the Court takes note of numerous Sixth Circuit cases specifically referring to a Rule 35(b) motion as appropriate for **post**-sentencing cooperation in ruling on other issues relating to a Rule 35 motion. *See, e.g., United States v. Campbell*, 96 Fed. Appx. 966, 968 (6th Cir. 2004) (rejecting defendant's argument the Government improperly refused to make a Rule 35(b) motion, noting the insignificance of defendant's **post**-sentencing cooperation); *United States v. Ridge*, 329 F.3d 535, 542 (6th Cir. 2003) (in evaluating whether district court improperly withheld a large reduction in sentence on a USSG § 5K1.1 motion in anticipation of a later reduction upon a Rule 35(b) motion, appeals court noted "district court engaged in a colloquy with the government about the possibility of Baker's continued cooperation **after** sentencing") (emphasis added); *United States v. Blackburn*, 234 F.3d 1270 (Table), 2000 WL 1679512 at *1 (6th Cir. Nov. 3, 2000) (noting the Government filed a Rule 35(b) motion "because Blackburn had provided further assistance to the government **after** sentencing" before rejecting defendant's argument district court impermissibly merged motions pursuant to USSG § 5K1.1 and

4

Rule 35(b)) (emphasis added).

The Sixth Circuit also often has pointed out that the appropriate timing for a motion for downward departure based on pre-sentencing assistance is at sentencing, pursuant to USSG § 5K1.1, while a motion for downward departure based on post-sentencing assistance should be made pursuant to Rule 35(b). *See, e.g., United States v. Moran*, 325 F.3d 790, 793 (6th Cir. 2003) (in a decision focusing on the appeals court's jurisdiction over an appeal involving a Rule 35(b) motion, appeals court stated "Rule 35(b) allows the government to move for a reduction in sentence based on substantial assistance to the government **after** sentencing, and U.S.S.G. § 5K1.1 provides for a similar motion based on substantial assistance **before** sentencing") (emphasis added); *United States v. Mullins*, 107 F.3d 872 (Table), 1997 WL 63149 at *7 (6th Cir. Feb. 12, 1997 ) (after noting district court seemed to confuse a USSG § 5K1.1 motion and a Rule 35(b) motion, appeals court stated "[t]he only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing: The latter is based on substantial assistance **before** sentencing while the former is based on substantial assistance **after** sentencing") (emphasis added).

The Government in support of its argument has pointed only to an Eighth Circuit case that is not on point. *See United States v. Johnson*, 241 F.3d 1049 (8th Cir. 2001). In *Johnson*, the Government failed at sentencing to make a motion under USSG § 5K1.1 but during the sentencing hearing stated it had in its possession a Rule 35(b) motion (which motion must therefore have been based exclusively on pre-sentencing assistance) which the Court granted it leave to file later that day. *Id.* at 1051. However, the issue in that case was not the propriety of the district court's acceptance of a Rule 35(b) motion based on pre-sentencing assistance, but the Government's breach of the plea agreement by failing to make a § 5K1.1 motion at sentencing. Additionally, the Rule

5

35(b) motion in *Johnson* contemplated further, post-sentencing assistance by the defendant, stating "the government will file a request for a hearing on this Motion upon completion of his cooperation," therefore it is unlikely that the district court would have considered exclusively pre-sentencing assistance in ruling on the Rule 35(b) motion. *Id.*

However, a recent Ninth Circuit case the Court uncovered in its research has explicitly addressed the issue of a Rule 35(b) motion based solely on pre-sentencing cooperation. *United States v. Awad*, 371 F.3d 583, 589 n.4 (9th Cir. 2004). In that case, the district court confused the basis for a motion pursuant to USSG § 5K1.1 with that for a motion pursuant to Rule 35(b), and the appeals court stated:

> We do not mean to suggest that [the defendant's] pre-sentence cooperation could not also be considered in the context of a subsequent Rule 35(b) motion. Indeed, both the 1998 and 2002 amendments to Rule 35(b) make explicit that "in evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's pre-sentencing assistance." FED. R. CRIM. P. 35(b)(3) (2002) (incorporating without substantive change the 1998 amendments to Rule 35(b)). However, **in order to qualify for a post-sentencing reduction pursuant to Rule 35(b), the defendant is required to provide at least a scintilla of post-sentencing assistance.** In order to allay concerns about "a defendant who has provided, on the whole, substantial assistance," but who provided only a non-substantial portion of it after sentencing, and could not therefore benefit from either § 5K1.1 or Rule 35(b) relief, the Advisory Committee clarified Rule 35(b). FED. R. CRIM. P. 35(b) advisory committee's notes. Specifically, the Committee adopted the approach set out by Judge Ellis' concurrence in *United States v. Speed*, 53 F.3d 643, 647-49 (4th Cir. 1995) ("While **some amount of post-sentencing assistance is required to trigger the possibility of a Rule 35(b) reduction**, once triggered, the sentencing judge should be free to consider the full range and extent of a defendant's cooperation, including the cooperation rendered prior to sentencing.").

*Id.* at 589 n4 (emphasis added).

The Government has not indicated Defendant provided even a "scintilla" of assistance after sentencing; in fact, the Government has indicated Defendant became uncooperative in advance of sentencing and all of the assistance upon which the Government seeks to base its Rule 35(b) motion

6

occurred before sentencing (*see* Court File No. 137).  The proper avenue to request a downward departure based on this exclusively pre-sentencing assistance would have been a motion under USSG § 5K1.1 at sentencing, not a subsequent motion pursuant to Rule 35(b).  *Id.*  Therefore, because Defendant's assistance does not come within the scope of Rule 35(b), the Court may not reduce his sentence based upon that assistance, and the Court will **DENY** the Government's Rule 35(b) motion for a downward departure (Court File No. 132).

      An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

7

Case 1:01-cr-00147   Document 149   Filed 01/27/06   Page 7 of 7   PageID #: 8