UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:01-CR-147 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| ARTIE MAYNARD, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M**

The Government on October 4, 2002 filed a motion for a downward departure for Defendant Artie Maynard ("Defendant") pursuant to Rule 35(b) (Court File No. 132), which the Court denied on January 27, 2006 (Court File Nos. 149, 150). Defendant filed a *pro se* motion for reconsideration on April 12, 2006 (Court File No. 151), to which his counsel filed an addendum on May 17, 2006 (Court File No. 153). After being ordered to do so by the Court (Court File No. 152), the Government filed a response (Court File No. 154). After considering all of the above, the Court will **DENY** Defendant's motion for reconsideration (Court File No. 151).

**I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

The full procedural history of this issue is set out in the Court's previous memorandum regarding the Rule 35 motion (Court File No. 149), thus the Court will not repeat it here. The Court denied the Government's Rule 35 motion, finding Defendant had not given any post-sentencing assistance to the Government, as is required by the rule (Court File Nos. 149, 150). Defendant in his present motion states the Court did not understand the timing of his cooperation with the

Government regarding Robert Tribble, and that while he was incarcerated with Mr. Tribble before and immediately after his sentencing on July 19, 2002, his cooperation regarding Mr. Tribble actually took place more than a year after his sentencing and continued through early 2004 (Court File No. 151).  Defendant's attorney in his addendum to Defendant's motion supports Defendant's representation of the timing of his cooperation, post-sentencing, and also states "[i]t appears that the brief of defense counsel may have inaccurately described the incarceration with Tribble as being pre-sentencing when it was in fact, post-sentencing" (Court File No. 153).

The Government's response indicates its Rule 35 motion, filed shortly after Defendant's sentencing on October 4, 2002, "was based solely upon the defendant's pre-sentencing cooperation, not any attempted assistance given after sentencing" (Court File No. 154, p. 1).  The Government further states Defendant "has not provided post-sentencing assistance in the *Tribble* case";  while the Government transferred Defendant to Chattanooga from the federal facility in which he was incarcerated to discuss his cooperation in Mr. Tribble's case, it ultimately made a decision not to use him as a witness at the Mr. Tribble's trial (*id*. at 2).  Additionally, Mr. Tribble had already been indicted by the time Defendant came forward with information to assist the Government (*id*.).

**II.     Analysis**

The Court previously held, under the plain language of the rule, the Court may only reduce a sentence for substantial assistance "if the defendant, **after sentencing**, provided substantial assistance in investigating or prosecuting another person . . ." Fed. R. Crim. P. 35(b)(1)(A) (emphasis added).  While it is true the rule allows the Court to consider pre-sentencing assistance in evaluating the Government's motion, Fed. R. Crim. P. 35(b)(3), the Court may only do so after

2

the condition in subsection (b)(1)(A) is met, that is, the defendant provided substantial assistance *after* sentencing. Nowhere in the rule is a motion predicated purely on pre-sentencing cooperation contemplated. *Id.*, see also *United States v. Mullins*, 107 F.3d 872 (Table), 1997 WL 63149 at *7 (6th Cir. Feb. 12, 1997 ) (after noting district court seemed to confuse a USSG § 5K1.1 motion and a Rule 35(b) motion, appeals court stated "[t]he only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing: The latter is based on substantial assistance **before** sentencing while the former is based on substantial assistance **after** sentencing") (emphasis added); *United States v. Awad*, 371 F.3d 583, 589 n.4 (9th Cir. 2004) ("in order to qualify for a post-sentencing reduction pursuant to Rule 35(b), the defendant is required to provide at least a scintilla of post-sentencing assistance").

The motion at issue was filed by the Government, and under the rule, the Government determines whether or not it believes Defendant's assistance was sufficient to constitute "substantial assistance" warranting such a motion. Fed. R. Crim. P. 35(b). As the Government has indicated, although Defendant attempted to provide some assistance post-sentencing, it was not "substantial," and its motion was based solely on his pre-sentencing assistance. Therefore, the Court still has no post-sentencing assistance before it to consider in ruling on the Rule 35 motion.

Because the Court must consider post-sentencing assistance in ruling on a Rule 35 motion, and the Government has indicated it does not consider Defendant provided assistance that aided it after the sentencing, the Court must reiterate its denial of the Rule 35 motion. Thus, the Court will **DENY** Defendant's motion for reconsideration (Court File No. 151).

An Order shall enter.

3

Case 1:01-cr-00147   Document 155   Filed 06/15/06   Page 3 of 4   PageID #: 11

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4